**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

KAHALA FRANCHISING, LLC, as Assignee )
to COLD STONE CREAMERY, INC.; and )
COLD STONE CREAMERY LEASING )
COMPANY., INC. )
  )
  Plaintiffs, )
  )
v. )
  )
CREAM MALIBU, INC. and )
KENROY RICHMOND )
  )
  Defendants. )
------------------------------------------------------------X

15 CV 7885

Civil Action No.:

HON.

JUDGE KARAS

**COMPLAINT**

The Plaintiffs KAHALA FRANCHISING, LLC as assignee to COLD STONE CREAMERY, INC. (hereinafter "Kahala") and COLD STONE CREAMERY LEASING COMPANY., INC. (hereby "Cold Stone Leasing") (collectively, "Plaintiffs"), by their attorneys, Corbally Gartland and Rappleyea, LLP, as and for the Complaint against the Defendants, CREAM MALIBU, INC. and KENROY RICHMOND (hereinafter collectively, the "Defendants") hereby state and allege as follows:

**NATURE OF ACTION**

1.     This is a Complaint for, among other things, violations of the Lanham Act as a result of Defendants' continued use of Plaintiff Kahala's registered trademarks and other intellectual property (individually and collectively' "Cold Stone Marks") after termination as a Cold Stone Creamery franchisee and for breach of a Franchise Agreement, Sublease Agreement, Promissory Note and Settlement Agreement between the parties.  Plaintiffs seek: (1) injunctive relief by way of a Temporary Restraining Order, Preliminary Injunction and a Permanent Injunction prohibiting Defendants from interfering with Plaintiff's taking possession of the

1

leasehold premises; (2) further injunctive relief from Defendants' continuing unauthorized use of Plaintiff Kahala's registered Cold Stone Marks and other intellectual property; (3) monetary damages stemming from its breach of the Franchise Agreement, Settlement Agreement, Sublease Agreement and Promissory Note.

## PARTIES

2.     At all times relevant herein, Plaintiff, Kahala Franchising was and still is an Arizona limited liability company with headquarters located at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

3.     At all times relevant herein, Plaintiff, Cold Stone Leasing was and still is an Arizona corporation with headquarters located at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

4.     Plaintiff Kahala Franchising is the franchisor of Cold Stone Creamery premium ice cream stores in the United States and other countries.

5.     Upon information and belief, at all times relevant herein, the Defendant Cream Malibu, Inc. was and still is a domestic business corporation, authorized to do business in the State of New York, with its principal office in the County of Westchester, State of New York.

6.     Upon information and belief, at all times relevant herein, the Defendant, Kenroy Richmond, was and still is an individual residing in the County of Westchester, State of New York.

## FACTS COMMON TO ALL COUNTS

7.     Prior to December 31, 2013, Cold Stone Creamery, Inc. was the owner of the following Cold Stone Marks which are registered on the Principal Register of the United States Patent and Trademark Office.

2

| Mark | Registration No. | Registration Date |
|---|---|---|
| Cold Stone (word mark) | 2,691,919 | 3/4/2003 |
| Cold Stone Creamery (word mark) | 2,542,783 | 2/26/2002 |
| Cold Stone Creamery design | 1,968,506 | 4/16/1996 |
| Cold Stone Creamery design | 2,779,566 | 11/4/2003 |
| Cold Stone Creamery design | 2,779,567 | 11/4/2003 |
| Cold Stone Creamery design | 2,779,570 | 11/4/2003 |

Copies of the Registration Certificates are attached hereto and made part hereof as **Exhibit "A"**. Said registrations are valid and subsisting and constitute prima facie evidence of the validity of the Cold Stone Marks and of Cold Stone Creamery, Inc's exclusive right to control the use of the Cold Stone Marks on and in connection with the goods recited in the registration certificates.

8.     On December 31, 2013, Cold Stone Creamery, Inc. transferred and assigned all of its trademarks and other intellectual property together with all of its franchise related contracts to Plaintiff Kahala herein.

9.     For many years prior to the acts of the Defendants complained of herein, Kahala and its assignor, Cold Stone Creamery, Inc. used the Cold Stone Marks listed in Paragraph 7 above in connection with the manufacturer, marketing and sale of premium ice cream and ice cream related products in the United States and internationally.

10.     As a franchisor of Cold Stone Creamery ice cream stores, Plaintiff Kahala and its predecessor before it developed a proprietary system including the Cold Stone Marks, trade secrets, trade dress and other proprietary processes, materials and rights ("Cold Stone System") relating to the development, promotion and operation of its franchised business.

11.     As a result of many years of advertising and promotional efforts under its registered trademarks, Plaintiff Kahala's premium ice cream stores have enjoyed growing commercial success and substantial good will so that the Cold Stone Marks are recognized

3

throughout the United States and internationally and have acquired a secondary meaning so that the public has come to associate the Cold Stone Marks exclusively with Plaintiff Kahala.

12.     In addition to the Cold Stone Marks, Plaintiff Kahala and its predecessor developed and has a proprietary interest in certain color schemes, designs, menu boards and decor, all constituting the proprietary "trade dress" of Plaintiff Kahala.

## DEFENDANT'S UNLAWFUL ACTS AND CONDUCT

13.     That prior hereto and on or about October 29, 2012, the Defendants entered into a Franchise Agreement with Plaintiff Cold Stone Creamery, Inc., Plaintiff Kahala's predecessor in interest wherein, inter alia, Defendants were licensed to use the Cold Stone Marks in the operation of a Cold Stone Creamery franchised premium ice cream store at a single location at 993 Central Park Avenue, Scarsdale, New York.   A copy of said Franchise Agreement is attached hereto and made part hereof as **Exhibit "B"**.

14.     That prior thereto, Defendants had entered into a Sublease with Plaintiff Cold Stone Leasing for the operation of their store in Scarsdale, New York.   A copy of said Sublease with Cold Stone is attached hereto and made a part hereof as **Exhibit "C"**.

15.     That prior to October of 2014, Defendants defaulted in the payment of rent due under its Sublease.

16.     That on or about October 29, 2014, Plaintiffs and Defendants entered into the Settlement Agreement and Release of Claims by Franchisee and Guarantor ("Settlement Agreement"), a Promissory Note, and a Voluntary Termination of Franchise Agreement and Sublease and Release of Claims by Franchisee and Guarantor ("Termination Agreement") wherein the Defendants, inter alia, acknowledged that they were in default in the payment of their rent obligation under the terms of the Sublease, executed a Promissory Note in the amount of rent arrearage ($26,143.70) and additionally agreed to a termination of their Franchise Agreement and Sublease in the event of any subsequent defaults under the terms of the Franchise

4

Agreement, Promissory Note, Sublease and/or Settlement Agreement. Copies of the Settlement Agreement, Promissory Note and Termination Agreement are attached hereto and made part hereof as **Exhibits "D", "E" and "F"** respectively.

17.      That not long after executing the aforementioned Settlement Agreement, Promissory Note, and Termination Agreement, Defendants breached the Settlement Agreement by reason of their failure to make payment on the Promissory Note, pay the rent due under the Sublease, and pay franchise royalties and advertising fees as required by the Franchise Agreement.

18.      That on December 30, 2014, Plaintiffs notified the Defendants that by reason of their continued material defaults after their execution of the aforementioned Settlement Agreement, their Franchise Agreement and Sublease were being terminated effectively immediately. A copy of Plaintiffs' December 30, 2014 letter is attached hereto and made part hereof as **Exhibit "G"**.

19.      That under the terms of the Franchise Agreement, Sublease, Settlement Agreement, and Termination Agreement the Defendants were required, inter alia, to:

A)      immediately cease and desist using the Cold Stone Marks as well as all proprietary information regarding the Cold Stone System; and

B)      immediately surrender the leasehold premises and store equipment to Plaintiff Cold Stone Leasing.

20.      That Defendants have refused to comply with the post termination requirements of the aforementioned agreements and continue to remain in possession of the leased premises and further continuing to sell ice cream under the Cold Stone Marks.

21.      That subsequently, on or about March 9, 2015, Plaintiffs sent Defendants a letter containing a "Notice of Recovery of Possession of Premises" demanding that they surrender possession of their leasehold and equipment in Scarsdale, New York as they were obligated to do

5

under the terms of the Settlement Agreement and Termination Agreement. A copy of said Notice letter is attached to Plaintiffs complaint as **Exhibit "H"**.

22.     Defendants are engaging in an overall pattern of intentional deceit and unfair competition designed to pass off their ice cream store and ice cream products as those of Plaintiff Kahala and to trade on Kahala's reputation and good will and cause confusion, mistake and deception as to the source or affiliation of its premium ice cream products and store.

23.     Due to Defendants' conduct as alleged herein above, purchasers and prospective purchasers of Defendants' ice cream products will be confused into believing, contrary to fact, that Defendants' ice cream products and his ice cream store originate with or are authorized by Plaintiffs and that Defendants are a licensed, franchised or otherwise sponsored by or associated with Plaintiffs herein.

24.     Defendants' acts complained of herein are likely to dilute the distinctive quality of the Cold Stone Marks.

25.     Plaintiffs have made demands that Defendants vacate and turn over the leasehold premises to Plaintiff Cold Stone Leasing, the sublessor, and discontinue and cease their infringing acts, however, Defendants have refused to voluntarily surrender possession of the leasehold premises and to cease holding themselves out to the public as a Cold Stone Creamery franchise premium ice cream store.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

25.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "25" of this Complaint as if set forth herein at length.

26.     That the aforesaid acts of Defendants constitute infringement of Plaintiff Kahala's registered trademarks in violation of Section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C.A. §114(1).

6

27.     Upon information and belief the aforesaid acts were undertaken willfully and with the deliberate intention of causing confusion, mistake or deception.

28.     By reason of the acts of the Defendants alleged herein, Plaintiff Kahala has suffered, is suffering and will continue to suffer irreparable damage and, unless the Defendants are restrained from continuing its wrong acts, the damage to Plaintiff will increase.

29.     Plaintiff has no adequate remedy at law.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR
### COMPETITION UNDER §43(a) OF THE LANHAM ACT

30.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" of this Complaint as if set forth herein at length.

31.     The aforesaid acts of Defendants are likely to cause confusion, mistake or deception among purchasers and potential purchasers of ice cream related products at the ice cream store constructed and operated by Defendants herein by reason of Defendants displaying the Cold Stone Creamery Marks and logo so as to cause said purchasers or potential purchasers to believe that the ice cream sold within Defendants' ice cream store originates or is in some way connected with approved or endorsed by Plaintiff Kahala.

32.     The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendants which constitute false designation of origin and unfair competition in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C.A. §1125(a).

33.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

34.     By reason of the aforementioned acts of Defendants alleged herein, Plaintiff Kahala has suffered, is suffering and will continue to suffer irreparable damage and, unless said

7

Defendants are restrained from continuing these wrongful acts, the damage to Plaintiff Kahala will increase.

35.     Plaintiff Kahala has no adequate remedy at law.

## COUNT III

## DILUTION UNDER §43(c) OF THE LANHAM ACT

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" of this Complaint as if set forth herein at length.

37.     Defendants' unauthorized use of Plaintiff Kahala's famous Cold Stone Marks and logos will tend to and does dilute the distinctive quality of said Cold Stone Marks and will diminish and destroy the public's association of said Cold Stone Marks with Plaintiff Kahala and is likely to cause dilution by blurring or dilution by tarnishment in violation of 15 U.S.C.A. § 1125(c).

38.     That by reason of the acts of the Defendants as alleged herein, Plaintiff Kahala has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing their wrongful acts, the damage will be increased.

39.     Plaintiff Kahala has no adequate remedy at law.

## COUNT IV

## COMMON AND STATUTORY LAW, TRADEMARK, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

40.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "39" of this Complaint as if set forth herein at length.

41.     By their acts alleged herein, Defendants have engaged in trademark infringement, trade name infringement and unfair competition under the common law and the statutory law of the State of New York.

8

42.     Defendants have intentionally deceived the public by misrepresenting that their ice cream products and ice cream store are in some way authorized by or affiliated with Plaintiff Kahala.

43.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention to cause confusion, mistake or deception.

44.     That by reason of the acts of Defendants alleged herein, Plaintiff Kahala has suffered, is suffering, will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing their wrongful acts, the damages will be increased.

45.     Plaintiff Kahala has no adequate remedy at law.

## COUNT V

## BREACH OF CONTRACT

46.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "45" of this Complaint as if set forth herein at length.

47.     By their acts alleged herein, including but not limited to their failure to pay royalties and advertising fees, Defendants have breached the terms of their Franchise Agreement and Sublease with Plaintiffs.

48.     By reason of the acts of Defendants alleged herein, Plaintiffs have suffered, are suffering and will continue to suffer substantial monetary damages in an amount to be proven at trial.

## COUNT VI

## BREACH OF SETTLEMENT AGREEMENT

49.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "48" of this Complaint as if set forth herein at length.

50.     By reason of their acts as alleged herein, Defendants have breached the terms of the Settlement Agreement with Plaintiffs.

9

51.   That by reason of said breach, Plaintiffs have suffered and will continue to suffer substantial monetary damages in an amount to be proven at trial.

## COUNT VII

## BREACH OF PROMISSORY NOTE

52.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "51" of this Complaint as if set forth herein at length.

53.   By reason of their acts as alleged herein, Defendants have defaulted in their payment obligations under the Promissory Note.

54.   That by reason of said breach, Plaintiffs have suffered monetary damages in an amount to be proven at trial.

## COUNT VIII

## BREACH OF SUBLEASE

55.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" of this Complaint as if set forth herein at length.

56.   By reason of their acts as alleged herein, Defendants have breached their terms of the Sublease with Plaintiff Cold Stone Leasing.

57.   That by reason of said breach, Plaintiff Cold Stone Leasing has suffered monetary damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs demands that:

## On Counts I Through IV

1.   Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them be temporarily, preliminarily and thereafter, permanently enjoying and restrained from:

a.   using or displaying in any manner the registered trademarks of Plaintiff Kahala including (1) COLD STONE®, (2) COLD STONE CREAMERY®, (3) COLD

10

STONE CREAMERY AND DESIGN®, related design marks and stylized cone design, or any colorable imitation thereof at 993 Central Park Ave., Scarsdale, New York, or at any other location;

    b. using in any manner the COLD STONE CREAMERY Name or Marks in connection with Defendants' sale of ice cream or related products in such a manner that is likely to create the erroneous belief that said ice cream products are authorized by, sponsored by, franchised by or some way associated with the Plaintiff Kahala;

    c. creating, displaying, erecting or printing any signage at or on any building or establishment which signage incorporates the Plaintiff Kahala's Cold Stone Marks;

    d. using, disseminating or distributing any advertising, menus or other promotional materials that bear Plaintiff Kahala's Cold Stone Marks or whose appearance so resembles Plaintiff Kahala's intellectual property and trade dress that it is likely to create confusion, mistake or deception among the general public;

    e. otherwise engaging in any other acts or conducts which would cause consumers to erroneously believe that Defendants' goods or services are somehow sponsored by, authorized by, franchised or licensed or in any other way associated with Plaintiffs;

    2. Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them be temporarily, preliminarily and thereafter, permanently enjoying and restrained from diluting distinctive quality of the Cold Stone Marks.

    3. Defendants be directed to dismantle, remove and otherwise cease using any interior or exterior signage, logos, menu boards, posters, which bear Plaintiff Kahala's Cold Stone Marks or any name or marks confusingly similar thereto or any colorable imitation thereof.

CORBALLY, GARTLAND AND RAPPLEYEA, LLP   •   ATTORNEYS AND COUNSELORS AT LAW
35 MARKET STREET   •   POUGHKEEPSIE, NEW YORK 12601   •   (845) 454-1110

4.     That Defendants and anyone acting on their behalf be enjoined and refrained interfering or preventing Plaintiffs from taking possession of the leasehold premises located at 993 Central Park Avenue, Scarsdale, New York, together with the furnishings and equipment located in said premises;

5.     That Defendants be required to pay statutory damages in an amount to be determined for their wrongful use and infringement of Plaintiff Kahala's Cold Stone Marks;

6.     That Defendants be required to account for and pay over to Plaintiffs all profits realized by Defendants by reason of their unlawful acts alleged herein and that such amounts be trebled as provided by law;

7.     That Defendants be required to pay Plaintiffs' attorneys' fees as provided by statute.

8.     Plaintiffs have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any ice cream or related products promoted or sold by Defendants at 993 Central Park Avenue, Scarsdale, New York, are authorized by Plaintiffs or related in any way to Plaintiffs or the Cold Stone Marks.

## On Counts V Through VIII

10.    That Plaintiffs be awarded monetary damages for Defendants' breach of contracts in an amount to be proven at trial together with interest and attorney's fees.

## On All Counts

11.    That this Court award Plaintiffs whatever further relief it is entitled to.

12

Dated: Poughkeepsie, New York
September 30, 2015

CORBALLY, GARTLAND and RAPPLEYEA, LLP

By: _____

Vincent L. DeBiase (VD9716)
35 Market Street
Poughkeepsie, NY 12601
(845) 454-1110
Attorneys for Plaintiff
KAHALA FRANCHISING, LLC as
Assignee to Cold Stone Creamery, Inc., and Cold
Stone Creamery Leasing Company, Inc.

13